NO. 13-16747

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

CARLA VISENDI and 159 OTHER NAMED INDIVIDUALS,
*Plaintiffs-Appellees*,

vs.

BANK OF AMERICA, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; BAC HOME LOANS SERVICING, INC.; BANK OF NEW YORK MELLON CORPORATION; AURORA LOAN SERVICES, LLC; BANK OF THE WEST; FEDERAL NATIONAL MORTGAGE ASSOCIATION; FEDERAL HOME LOAN MORTGAGE CORPORATION; GREENTREE SERVICING, LLC; HSBC BANK USA, N.A.; RECONTRUST COMPANY, N.A.; UBS REAL ESTATE SECURITIES, INC.; US BANK, N.A.; WELLS FARGO BANK, N.A.; and DOES 1 through 100, inclusive,
*Defendants-Appellants*.

_____

**Appeal By Permission (CAFA Remand Order)**
United States District Court for the Eastern District of California
Case No. 2:11-cv-02413-MCE-GGH
The Honorable Morrison C. England, Jr., United States District Judge

# REPLY BRIEF OF APPELLANTS
# BANK OF AMERICA, N.A., *et al.*

Robert E. Boone III
Nafiz Cekirge
Brian J. Recor
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401
(310) 576-2100 tel

Douglas E. Winter
BRYAN CAVE LLP
1155 F Street, N.W.
Washington DC 20004
(202) 508-6000 tel
(202) 508-6200 fax
dewinter@bryancave.com

Counsel for Defendants-Appellants **BANK OF AMERICA, N.A., ET AL.**

# TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................... 1

CONCLUSION .......................................................................................... 6

# TABLE OF AUTHORITIES

<u>**Page**</u>

<u>**Cases**</u>

*Coleman v. Estes Exp. Lines, Inc.*,
   631 F.3d 1010 (9th Cir. 2011)...............................................................2

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001)................................................................2

*Kuxhausen v. BMW Fin. Servs.*,
   707 F.3d 1136 (9th Cir. 2013)......................................................2, 4, 5

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 (2010)...............................................................4

*Osborn v. Metro Life Ins. Co.*,
   341 F. Supp. 2d 1123 (E.D. Cal. 2004) ................................................5

*Serrano v. 180 Connect, Inc.*,
   478 F.3d 1018 (9th Cir. 2007)...............................................................2

*Todd v. City of Auburn*,
   425 Fed. Appx. 613 (9th Cir. 2011) ......................................................2

*Villalpando v. Exel Direct Inc.*,
   2012 U.S. Dist. LEXIS 160631 (N.D. Cal. Nov. 8, 2012) .................3

<u>**Statutes**</u>

28 U.S.C. § 1332(d)(11)(B)(i) ................................................................. 1, 4

28 U.S.C. § 1332(d)(4)(A).......................................................................... 2, 3

Cal. Civ. Code § 2923.5 .................................................................................4

<u>**Other Authorities**</u>

S. Rep. 109-14 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3 .................... 1, 3, 4

<u>**Rules**</u>

Fed. R. Civ. P. 20(a) ......................................................................................6

Fed. R. Civ. P. 23...........................................................................................6

Plaintiffs-Appellees do not and cannot defend the District Court's order remanding this Class Action Fairness Act ("CAFA") "mass action" to state court.  Instead, Plaintiffs concoct three new theories not presented to or decided by the District Court on their unsuccessful motion to remand or in opposition to Defendants-Appellants' motion to dismiss.  These belated arguments are waived and, in any event, fail as a matter of law.

**Plaintiffs' New "Numbers" Theory.**  Plaintiffs concede that the Complaint filed in state court named more than 100 Plaintiffs and "proposed" a "joint trial … at the time of filing" (Pl. Br. 9, 15; *see* ER0685-0686, 0694-0696).  Plaintiffs argue, however, that because their claims are "inextricably" tied to "ownership interest in real property," the District Court should have counted the number of properties or title holders instead (Pl. Br. 9-10).

Jurisdiction is determined at the time of removal, on the face of the Complaint.  Plaintiffs cannot seek, after the fact, to oust federal jurisdiction by an unprecedented and decidedly procedural revision of their alleged number.  Plaintiffs also disregard the fact that at least four of their claims – fraudulent concealment, intentional and negligent misrepresentation, and violation of privacy – have nothing to do with real property or title (ER0694-0932).

Most important, CAFA's language is plain and unambiguous:  "Mass action" numerosity, like class action numerosity, counts plaintiffs.  A removable "mass action" is any otherwise qualified civil action "in which monetary relief claims of *100 or more persons* are proposed to be tried jointly…." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).  The legislative history likewise defines a "mass action" as a civil action in which "100 or more *named parties* seek to try their claims for monetary relief together."  S. Rep. 109-14 at 46 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 43-44 (emphasis added).

1

No decision examining CAFA's "mass action" requirements has looked at anything but the number of plaintiffs. CAFA's plain language controls.

**Plaintiffs' New "Local Controversy" Theory.** Plaintiffs also contend for the first time on appeal that CAFA's "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), "bars" federal jurisdiction (Pl. Br. 12). This contention fails for four independent reasons.

*Waiver.* "Implicit in [the "local controversy" exception] is that the court has jurisdiction …." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (emphasis added). "[T]he obligation to raise and prove that the [CAFA] exceptions apply ... rests on the party seeking remand." *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1140 n.1 (9th Cir. 2013) . Plaintiffs "forfeited" their ability to invoke the exception by failing to raise and prove it below. *Todd v. City of Auburn*, 425 Fed. Appx. 613, 615 n.1 (9th Cir. 2011) .

*The Significant Defendant Is Not A California Citizen.* Section 1332(d)(4)(A) applies only if "at least 1 defendant … from whom significant relief is sought … whose alleged conduct forms a significant basis for the claims asserted … is a citizen of the State in which the action was originally filed."

Plaintiffs identify Bank of America Corporation as the "primary defendant" (Pl. Br. 14); but as their original Complaint alleged and the Notice of Removal states, Bank of America Corporation is a citizen of Delaware (incorporation) and North Carolina (principal place of business) (ER0687, 0836). Plaintiffs offer no evidence to the contrary. *See Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011) (party invoking this exception must prove "actual fact" of significant defendant's citizenship). Their claim that Bank of America Corporation is a California "resident" (Pl. Br. 14) is meaningless. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

2

*The Supposed Injuries Are Not Limited to California.*  Even if the "significant defendant" was a California citizen, Plaintiffs do not and cannot show that any "principal injuries" are limited to California.  Regardless of how many Plaintiffs are California citizens, Section 1332(d)(4)(A) focuses on geographic impact:  "[T]his provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct – not just where the proposed class members were injured."  S. Rep. 109-14 at 40-41.  "[I]f the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception, even if it were brought only as a single-state class action." *Id.*

The Complaint filed in state court challenges Defendants' nationwide mortgage origination and servicing practices, and names Plaintiffs from 13 states (ER0687 ¶15, 0701-0736 ¶¶12-149).  This controversy is not "truly local." *See, e.g.*, *Villalpando v. Exel Direct Inc.*, 2012 U.S. Dist. LEXIS 160631, at *35-*36 (N.D. Cal. Nov. 8, 2012) (there is "nothing unique to California about the claims asserted in this action, even if the class is limited to Plaintiffs who provide delivery services in California").

*Similar Class Actions.*  Finally, the exception applies only if "during the 3-year period preceding the filing of the subject action, no other class or mass action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."  28 U.S.C. § 1332(d)(4)(A)(ii).  Although Plaintiffs claim they have not brought a "similar mass action in the past three years" (Pl. Br. 13), "[t]he inquiry is whether similar factual allegations have been made against the defendant in multiple class actions, regardless of whether the same causes of actions were

3

asserted or whether the purported plaintiff classes were the same (or even overlapped in significant respects)." S. Rep. 109-14 at 40-41.

In the three years preceding the original Complaint, at least forty class actions were brought against Bank of America Corporation or its affiliated companies based on the "same or similar factual allegations."[1]

**Plaintiffs' New "State Court First" Argument.** Finally, Plaintiffs urge that a defendant cannot remove a "mass action" under CAFA unless it is "deemed properly joined under state law" (Pl. Br. 18). This argument ignores CAFA's plain language, which authorizes removal if 100 or more persons "*propose[ ]*" to try their claims jointly, 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added), leaving the joinder decision to the federal court (Def. Br. 12-13, 18). Because Plaintiffs concede that the Complaint filed in state court "proposed" a "joint trial … at the time of filing" (Pl. Br. 15), CAFA authorized removal and did not oblige Defendants to test joinder in state court first.

Plaintiffs' suggestion that a "mass action" could be "properly removed" after the state court "deem[s] it properly joined" is wrong (Pl. Br. 18). The 30-day removal clock begins to run upon filing of a complaint. *See Kuxhausen*, 707

---

[1]    Plaintiffs filed the original Complaint on August 17, 2011. At least 37 federal and state class actions were filed against certain Defendants-Appellants between August 18 and December 17, 2008, "asserting the same or similar factual allegations" about breach of privacy. *See In re Countrywide Fin. Corp. Security Breach Litig.*, 08-MD-1998-TBR (W.D. Ky.) (DE-7-2 at 2-3, listing cases). In addition, a class action filed on August 27, 2008, against certain Defendants-Appellants "assert[ed] the same or similar factual allegations" about placing borrowers in unaffordable loans in order to profit in the secondary market. *See Jackson v. Countrywide Fin. Corp.*, 08-cv-0487 (W.D. Ky.) (DE-1 at 1). And a class action filed on October 13, 2009, against certain Defendants-Appellants "assert[ed] the same or similar factual allegations" about violations of Cal. Civ. Code § 2923.5. *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 217 (2010).

F.3d at 1139.  Defendants had no time to seek a misjoinder ruling from the state court (where the wait time between the filing of a demurrer and a hearing is nearly six months).

*Osborn v. Metro Life Ins. Co.*, 341 F. Supp. 2d 1123 (E.D. Cal. 2004), a non-CAFA decision on the controversial subject of fraudulent misjoinder jurisdiction – which this Court has not adopted – is irrelevant.  *Osborn* held that a state court should rule on fraudulent misjoinder before removal because there could be no argument for federal jurisdiction unless plaintiffs fraudulently misjoined parties under state law to defeat diversity.  (In that event, unlike here, a misjoinder motion in state court would not preclude removal because the 30-day clock would not begin to run unless and until "the misjoined party that destroys removal jurisdiction is dropped from the action."  *Id.* at 1127 n.10 (quotation and citation omitted).)

In fact, *Osborn* refutes Plaintiffs' suggestion that, despite its plain language, CAFA somehow contemplates a pre-removal test of joinder in state courts.  The opinion notes what the Plaintiffs' bar often argues:  "California joinder rules have been construed liberally and there are situations where the State's joinder rules would allow for permissive joinder of defendants while the federal rules would not."  341 F. Supp. 2d at 1128-29.  Here, even if Defendants could have waited for a decision in state court without waiving their right of removal, a misjoinder motion under state rules could have resulted in a misjoined "mass action" that a federal court could not unravel. That is the precise scenario Congress intended CAFA to remedy.

Congress passed CAFA "to encourage the exercise of federal jurisdiction" – and federal procedures – over qualifying "mass actions" and class actions.  Sen. Rep No. 109-14, at 44.  CAFA "mass action" jurisdiction is not based on whether the procedural standards for joinder are fulfilled, but on

whether "monetary relief claims of 100 or more persons are *proposed* to be tried jointly…." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).  The federal courts are the intended arbiters of compliance with Rule 20(a), Rule 23, and other procedural requisites for CAFA-qualified mass and class actions.  "Had Congress intended [otherwise], it could have said so."  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Service Workers Intern. Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010).

## CONCLUSION

For these reasons and those set forth in Defendants-Appellants' Opening Brief, this Court should reverse the District Court's *sua sponte* remand order and direct the District Court to (a) dismiss all Plaintiffs but the first named Plaintiff, Carla Visendi, without prejudice to the institution of new, separate lawsuits by the dropped Plaintiffs in any court with jurisdiction; or (b) in the alternative, direct the District Court to hear and decide Defendants' Motion to Dismiss.

Date:  September 16, 2013

Respectfully submitted,

By: */s/ Douglas E. Winter*

Robert E. Boone III
Nafiz Cekirge
Brian J. Recor
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, CA 90401
(310) 576-2100 tel

Douglas E. Winter
BRYAN CAVE LLP
1155 F Street, N.W.
Washington DC 20004
(202) 508-6000 tel
(202) 508-6200 fax
dewinter@bryancave.com

Counsel for Defendants-Appellants **BANK OF AMERICA, N.A., ET AL.**

6

## CERTIFICATE OF COMPLIANCE

Appellants prepared this Reply Brief using Garamond font in 14 point typeface.  It contains 1,890 proportionally spaced words, including its title page, but not its Table of Authorities (as calculated by the software used to create this Brief).

Date:  September 16, 2013                    By: */s/ Douglas E. Winter*

## CERTIFICATE OF SERVICE

On September 16, 2013, I served Appellants' Motion for Leave to File Reply Brief and Appellants' Reply Brief by ECF/ Electronic Filing on counsel of record for all parties.

By: */s/ Douglas E. Winter*